IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BEST GLIDE AVIATION SURVIVAL EQUIPMENT, INC., | § § § § | |
| *Plaintiff*, | § § | No. 1:23-cv-1080-DAE |
| v. | § § | |
| TAG-Z, LLC, | § § § | |
| *Defendant*. | § | |

ORDER STAYING DISCOVERY

Before the Court is Defendant Tag-Z, LLC's ("Defendant" or "Tag Z") Motion to Stay Discovery Pending a Ruling on Its Motion to Dismiss, filed on December 9, 2024. (Dkt. # 34.) Plaintiff Best Glide Aviation Survival Equipment, Inc. ("Best Glide") filed a response on December 11, 2024. (Dkt. # 35.) Tag Z replied on December 16, 2024. (Dkt. # 36.)

The Court finds this matter suitable for disposition without a hearing. After careful consideration of the parties' briefs and the relevant law, the Court **GRANTS** Defendant's Motion to Stay for the reasons below.

BACKGROUND

This case revolves around the sale of military style P-38 and P-51 can openers, manufactured by and stamped with "U.S. Shelby Co." (the "U.S. Shelby

1

openers" or the "Product"). Best Glide originally filed this case on September 11, 2023, against Tag-Z, LLC. (Dkt. # 1.) Plaintiff then amended its complaint for the first time on September 22, 2023. (Dkt. # 6.) Tag Z filed a motion to dismiss the complaint, which the Court granted on July 19, 2024. (Dkt. # 14.) Best Glide thereafter filed its Second Amended Complaint on August 17, 2024, and subsequently sought to amend its complaint for a third time. (Dkts. ## 15, 18.) On November 7, 2024, the Court granted Best Glide's motion to amend. (Dkt. # 28.) The Third Amended Complaint asserts causes of action for (1) federal false designation of origin/association/endorsement; (2) federal unfair competition/false advertising; (3) Texas common law unfair competition (passing off); (4) Texas common law tortious interference with contractual relations; (5) Texas common law tortious interference with prospective business relations; and (6) Texas business disparagement. (Dkt. # 29 at ¶¶ 153–195.)

Tag Z filed a Motion to Dismiss the Third Amended Complaint on November 27, 2024. (Dkt. # 31.) Plaintiff filed a response in opposition on December 3, 2024. (Dkt. # 32.) Defendant filed its reply on December 9, 2024. (Dkt. # 33.)

Tag Z now moves to stay discovery, including service of initial disclosures, until the Court rules on the pending Motion to Dismiss.

2

## LEGAL STANDARD

"District courts have broad discretion in all discovery matters." Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006). However, the "the issuance of a stay is by no means automatic." United States ex rel. Gonzalez v. Fresenius Med. Care N.A., 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (citation omitted). A district court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). Good cause may exist if the party seeking the stay demonstrates that "annoyance, embarrassment, oppression, or undue burden or expense" would result absent the stay. Id. A stay "may [also] be appropriate where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense." United States ex rel. Gonzalez, 571 F. Supp. 2d at 768 (internal quotation marks omitted); see also Landry v. Air Line Pilots Ass'n Int'l AFL–CIO, 901 F.2d 404, 435–36 (5th Cir. 1990) (upholding the district court's grant of a stay pending the court's ruling on a motion for summary judgment because movants met their burden of showing why the discovery sought would be unduly expensive and burdensome).

## DISCUSSION

Tag Z argues a stay of discovery is appropriate because the pending motion to dismiss, which is fully briefed, seeks to dismiss the case in its entirety for failure to state a claim. Thus, staying discovery is appropriate to promote

judicial economy and protect Defendant from undue burden and expense, given that resolution of the pending motion could eliminate the need for discovery.  Tag Z argues no harm will occur because discovery is not necessary to address the threshold issues raised in the motion to dismiss.  Tag Z further adds that this Court has already granted Tag Z's prior motion to dismiss for failure to state a claim, which suggests that arguments Tag Z has raised in its pending motion—which are similar to those raised in its prior motion—are not frivolous and merit serious consideration.  Best Glide responds that Tag Z has been unwilling to meet and confer, in violation of this Court's Order for scheduling recommendations, issued on November 26, 2024.  (Dkt. # 30.)   Tag Z replied, however, that it did meet and confer with Best Glide on December 16, 2024.  That meeting is noted in the parties' Joint Proposed Scheduling Order.  (Dkt. # 30 at 3.)

   Upon careful consideration, the Court finds that resolving the pending motion to dismiss may reduce and/or preclude the need for discovery altogether.  It is therefore appropriate to stay discovery until the pending motion to dismiss is resolved.  Tag Z has shown that, as a small business, it would bear undue burden or expense in responding to discovery requests which could be mooted upon the resolution of the motion to dismiss.  (Dkt. # 34.)  Furthermore, Plaintiff has not shown that any prejudice will occur by staying discovery.  Under these circumstances and in light of the Court's broad discretion to stay discovery, the

Court finds there is good cause to stay discovery in this case until the motion to dismiss is resolved.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Stay Discovery Pending a Ruling on Its Motion to Dismiss. (Dkt. # 34.)

Furthermore, because the Court grants Defendant's Motion to Stay, Defendant's Motion for a Protective Order (Dkt. # 43) to stay its duty to respond to discovery is **MOOT**.

Dated: February 26, 2025.

_____
David Alan Ezra
Senior United States District Judge